Beverly BALDRIDGE *v.*
Dewey STILES, Director of Labor

E 84-29                                    671 S.W.2d 770

Court of Appeals of Arkansas
Division II
Opinion delivered July 5, 1984

Appellant, *pro se.*

*Allan Pruitt,* for appellee.

GEORGE K. CRACRAFT, Judge. Beverly Baldridge appeals from a ruling of the Board of Review that she was disqualified from receiving benefits under the Employment Security Act on a finding that she had voluntarily quit her last employment without good cause connected with the work. We agree that the finding is not supported by the evidence. The appellant was employed at American Greetings in Osceola. In June 1983 her husband obtained new employment in Melbourne and moved there. The appellant gave due notice to her employer that she was terminating her employment to move to a new location with her husband and left her job on June 24th. On June 26th she joined her husband in Melbourne. At the time she left her employment appellant had accrued vacation time and therefore her employer carried her on the payroll until July 5, 1983.

Prior to July 1, 1983 Ark. Stat. Ann. § 81-1106 (Repl. 1976) provided that a person who voluntarily leaves his work without good cause connected with the work is not qualified to draw benefits. That section, however, contained the following proviso:

> Provided no claimant shall be disqualified if he has voluntarily left his work to accompany, follow, or join the other spouse in a new place of residence if he has clearly shown upon arrival at the new place of residence an immediate entry into the new labor market and is in all respects, available for suitable work.

1983 Ark. Acts 482 §§ 16-21 declared this proviso to be ineffective after July 1, 1983. On finding that appellant's last day of work was July 5, 1983, the Board of Review applied the 1983 Act and ruled that appellant had voluntarily quit her job without good cause connected with the work.

The record clearly discloses that the last day the appellant worked for her employer was June 24, 1983. She performed no services for her employer thereafter for which wages were payable. She was carried on the payroll of the employer until July 5th solely on account of vacation pay which had already accrued for past services performed, not for wages earned after June 24th. It was undisputed that she left her place of employment on June 24th for the purpose of accompanying her spouse to their new place of residence on June 26th. We conclude that under the circumstances of this case the Board of Review erred as a matter of law in applying the 1983 Act which was not effective until after July 1st.

The mere fact that appellant left her last employment for the purpose of following her spouse is not enough to qualify her for benefits. She must also show an immediate entry into the job market upon arrival at her new place of residence. As the Board made no finding on that issue the cause is remanded to enable it to do so.

Reversed and remanded.

COOPER and CLONINGER, JJ., agree.